1

2

3

4

5

6

7

8
                    UNITED STATES DISTRICT COURT

9
              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11
ERIC RICHARD ELESON,                        No.  2:18-cv-2834 MCE CKD P

12
                    Plaintiff,

13
        v.                                  FINDINGS AND RECOMMENDATIONS

14
SCOTT KERNAN, et al.,

15
                    Defendants.

16

17
        Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. §

18
1983.  On March 4, 2019, the court screened plaintiff's complaint as the court is required to do

19
under 28 U.S.C. § 1915A(a).  Plaintiff's complaint was dismissed with leave to amend.  Plaintiff

20
has not filed an amended complaint.

21
        As plaintiff already knows, the court is required to screen complaints brought by prisoners

22
seeking relief against a governmental entity or officer or employee of a governmental entity.  28

23
U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has

24
raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

25
may be granted, or that seek monetary relief from a defendant who is immune from such relief.

26
28 U.S.C. § 1915A(b)(1), (2).

27
        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

28
Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In his amended complaint, plaintiff asserts, as he did in his original complaint, that his not being permitted to purchase and possess a typewriter with memory capabilities violates his right to due process and equal protection under the Fourteenth Amendment.  But as plaintiff was informed in the court's first screening order, the right to due process is not compromised simply by denying a prisoner the ability to purchase and possess a typewriter with memory capabilities, and plaintiff fails to point to any additional facts suggesting a violation of the Due Process Clause has occurred.  The Equal Protection Clause generally protects against unequal treatment as a result of intentional or purposeful discrimination.  Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997).  Plaintiff fails to show he is being discriminated against with unequal treatment.

In any case, plaintiff admits he never pursued administrative remedies with respect to his desire to possess a typewriter with memory capability.  Section 1997(e)(a) of Title 42 of the

United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a). In California "[any] inmate may appeal any policy, decision, action, condition, or omission by the [Department of Corrections and Rehabilitation] or its staff. . ." Cal. Code Regs. tit. 15, § 3084.1(a). Administrative procedures generally are exhausted with respect to the California prisoner grievance process once the third level of review is complete. The third level of review constitutes the decision of the Secretary of the California Department of Corrections and Rehabilitation. Cal. Code Regs. tit. 15, § 3084.7. In <u>Albino v. Baca</u>, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc), the Ninth Circuit described when dismissal of a complaint for failure to exhaust administrative remedies is appropriate under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Specifically, the court found that dismissal is only appropriate when failure to exhaust is "clear from the face of the complaint" and that "such cases will be rare because a plaintiff is not required to say anything about exhaustion in his complaint." In this instance, plaintiff's admission on the face of his complaint that he never pursued administrative remedies mandates dismissal.

Accordingly, the court will recommend that plaintiff's amended complaint be dismissed and this case be closed. Considering the instructions given to plaintiff upon the dismissal of his original complaint, and the content of the amended complaint, granting plaintiff leave to amend a second time appears futile.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's amended complaint be dismissed; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time

3

waives the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 23, 2019

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
eles2834.fteplain